RICHARD F. HOWE, as Executor of the Last Will and Testament of James Deering, Deceased, v. SAMUEL SANDS, et al.

195 So. 609

En Banc

Opinion Filed April 16, 1940

F. M. Hudson, Henry P. Adair, John M. McNatt, Hudson & Cason, Adair, Kent, Ashby & McNatt, for Appellant;

E. P. Ellis, Lilburn R. Bailey and Walsh & Ellis, for Appellees; Van C. Swearingen, for Appellee Gus Calloway.

ON PETITION OF GUS CALLOWAY FOR REHEARING.

CHAPMAN, J.—On petition for rehearing on the part of the defendant Gus Calloway it was suggested that this Court failed to consider certain testimony in the record concerning his said status. The record shows that the

petitioner became an employee of James Deering in 1914 and continued as such for some two or three years after the death of the said James Deering; that the petitioner is advanced in years and is being paid a pension by the said estate and the pension has been paid for many years, and the final decree fixed the amount due by the estate to Gus Calloway in the sum of $3,400.00; and further decreed that the total amount of the pension paid by the estate to Gus Calloway should be credited as against the $3,400.00 named in the final decree as the amount Gus Calloway should recover.

While the final decree appealed from was reversed by the opinion of this Court and the said decree is possibly applicable to the claims of Gus Calloway under paragraph five of the Deering will, it does appear equitable, however, that the executor, in the light of the opinion of this Court and the testimony appearing in the record, should determine whether or not Gus Calloway should be paid under paragraph five of the will as a servant of the late James Deering. If the executor shall determine that Gus Calloway shall not be paid as a servant, then the lower court shall take evidence and make his findings as to whether or not the executor acted in bad faith or arbitrarily in denying the claims of the said Gus Calloway under the terms of the will. The further proceedings in the lower court shall be consistent with the opinion of this Court.

The petition for rehearing is denied.

TERRELL, C. J., WHITFIELD and BROWN, J. J., concur.

BUFORD and THOMAS, J. J., dissent.

BUFORD, J. (dissenting).—I think Gus Calloway is entitled to participate as a beneficiary under the Deering will and that the decree of the chancellor should be affirmed.

THOMAS, J., concurs.